

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MONTROSE WHOLESALE CANDIES AND SUNDRIES, INC., an Illinois corporation, a/k/a MONTROSE WHOLESALE <br><br> Defendant. | 03C 4844 <br><br> Civil Action No. <br> Judge <br> Magistrate Judge <br> JUDGE ASPEN <br><br> JURY DEMANDED <br><br> MAGISTRATE JUDGE KEYS |

[FILED UNDER SEAL]

### COMPLAINT

Plaintiff Lorillard Tobacco Company ("Lorillard") complains of Defendant Montrose Wholesale Candies and Sundries, Inc., a/k/a Montrose Wholesale, as follows:

### THE PARTIES

1. Plaintiff Lorillard Tobacco Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 714 Green Valley Road, Greensboro, North Carolina.

2. Upon information and belief, Defendant Montrose Wholesale Candies and Sundries, Inc. ("Montrose Wholesale") is an Illinois corporation with a place of business at 4419 West Montrose, Chicago, Illinois at which it is also known as Montrose Wholesale. It has sold and offered for sale within this District counterfeit cigarettes that infringe Lorillard's registered trademarks.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves substantial claims arising under the United States Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. § 1051 *et seq.*, together with related claims under state law. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b), and since these claims are joined with substantial and related claims under the Trademark Laws of the United States.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (1) and (b) (2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) as these causes of action arise based upon information and belief, as a result of the Defendant's doing and transacting business in this district, or offering to sell its products or making its products available or by promoting the infringing mark to prospective purchasers within this district, and marketing its services and products to prospective purchasers within this District.

5. This Court has personal jurisdiction over Defendant, who resides in and/or conducts business within the State of Illinois.

## NATURE OF ACTION

6. This is an action for counterfeiting and infringement of registered trademarks in violation of the Trademark Act of 1946, 15 U.S.C. § 1114(1); the use of

false designations of origin and false and misleading descriptions and representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); dilution in violation of the Trademark Act of 1946, 15 U.S.C., § 1125(c); dilution in violation of 765 ILCS § 1036/65; deceptive trade practice in violation of the common law of the State of Illinois; and statutory unfair competition in violation of 765 ILCS § 510/2 *et seq.*

## FACTS

7. Lorillard is the fourth largest tobacco company in the United States, manufacturing and selling top quality branded cigarettes. All of Lorillard's cigarettes are manufactured in accordance with strict quality control standards, enabling Lorillard to establish and maintain, over many years, a reputation among smokers for quality and consistency.

8. Lorillard's leading brand is NEWPORT®, which was first introduced to the market in 1956. Since then, Lorillard has invested substantial time, effort and money in advertising and promoting cigarettes under the NEWPORT® mark throughout the United States. As a result of Lorillard's excellent reputation and investment in its brands, NEWPORT® cigarettes have become the leading brand of menthol cigarettes sold in the United States, and the second leading cigarette brand overall, with approximately eight percent of the national market. The NEWPORT® mark has come to represent an extremely valuable asset belonging exclusively to Lorillard.

9. To protect its company reputation and product investments, Lorillard has filed for and obtained federal trademark registrations for its significant trademarks. Specifically, Lorillard and its affiliates have obtained federal registrations for the marks NEWPORT® (Reg. No. 1,108,876), NEWPORT® (stylized) (Reg. No. 2,600,870),

LORILLARD® (Reg. No. 1,920,066), Spinnaker Design® (Reg. No. 1,178,413), and NEWPORT and Design® (Reg. No. 1,191,816). Copies of the United States Patent and Trademark Office records of registration for these marks are attached as Exhibits 1-5, respectively to the Declaration of Victor Lindsley, and together they are referred to herein as the "Lorillard Marks." Lorillard has the exclusive right to use the Lorillard Marks in connection with any importation, sale, offer to sell, or distribution of cigarettes in the United States. Lorillard's manner of use of the Lorillard Marks can be seen from the scanned images of the front and sides of the genuine sample NEWPORT® cigarette pack, appearing on the left side of each of Exhibits 1 and 2 attached to this Complaint.

10. The Lorillard Marks have become famous.

11. Upon information and belief, Defendant Montrose Wholesale has been aware, since prior to the acts complained of herein, of the vast goodwill represented and symbolized in the Lorillard Marks and of the public recognition and reliance upon the Lorillard Marks as identifying authentic products of Lorillard and distinguishing Lorillard's products from the products of others.

12. Notwithstanding its aforesaid knowledge, upon information and belief, Defendants Montrose Wholesale recently set upon a course of conduct to misappropriate the Lorillard Marks and goodwill associated with them. Over the past several years, the federal government and the State of Illinois have substantially increased taxes on cigarette sales. With these high tax levels, bootleggers can price counterfeit cigarettes below prevailing market prices and can pocket not only the profit on the cigarettes themselves but also a substantial portion of what would otherwise be owed to the government in taxes. To that end, an increasing number of counterfeit

4

cigarettes have been imported into the United States and distributed in interstate commerce, all in violation of federal and state laws and in contravention of Lorillard's trademark rights.

13. Upon information and belief, Defendant Montrose Wholesale is offering for sale and selling counterfeit products bearing the Lorillard Marks, with the intent to confuse and mislead the public into believing that Defendant's products are genuine Lorillard products or have been sponsored or approved by Lorillard. In fact, Defendant's counterfeit products have not been manufactured, packaged, approved, or sold by Lorillard. Scanned images depicting the use of the Lorillard Marks on the counterfeit cigarettes sold by Defendants can be seen in Exhibit 1 of the Declaration of Ed O'Brien and in the scanned images appearing on the right side of each of Exhibits 1 and 2 attached to this Complaint. Such actions of Defendant constitute the counterfeiting and infringement of the Lorillard Marks.

14. Lorillard has been damaged and is likely to be further damaged by Defendant's wrongful use of the Lorillard Marks in that the purchasing public is likely to be induced into purchasing Defendant's goods in the erroneous belief that they are Lorillard's authentic goods or that Defendant's goods are endorsed, sponsored, or approved by Lorillard, which they are not.

15. Defendant has profited from their wrongful conduct by selling cigarettes to persons in the United States who otherwise would have bought genuine NEWPORT® brand cigarettes manufactured by Lorillard.

## CLAIMS FOR RELIEF

### COUNT I

### TRADEMARK COUNTERFEITING AND INFRINGEMENT
### (15 U.S.C. §1114(1))

16. Lorillard repeats and realleges paragraphs 1 through 15 as if fully set forth herein.

17. The Lorillard Marks are fanciful and arbitrary, and are associated in the minds of the public and consumers with Lorillard.

18. Defendant has used the Lorillard Marks on Defendant's cigarettes without the approval or consent of Lorillard.

19. Defendant's use of counterfeit symbols, logos, likenesses, and images is likely to cause confusion in the minds of the public, leading the public to believe that Defendant's cigarettes emanate or originate from Lorillard and/or that Lorillard has approved, sponsored or otherwise associated itself with Defendant's cigarettes, which is false.

20. Defendant's conduct is intended to exploit the goodwill and reputation associated with the Lorillard Marks and to take a competitive advantage without expenditure of resources, by a strategy of willful infringement.

21. Lorillard has no control over the quality of the cigarettes sold by Defendant. Because of the likelihood of confusion as to the source of Defendant's products, Lorillard's valuable goodwill in its trademarks is at the mercy of Defendant.

22. Defendant's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

23. Lorillard has no adequate remedy at law.

24. As a result of Defendant's actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS
### (15 U.S.C. §1125(a))

25. Lorillard repeats and realleges paragraphs 1 through 15 and 17 through 25 as if set forth herein.

26. The aforesaid acts of Defendant constitute the use in commerce in connection with the Defendant's goods of symbols and devices and of false designations of origin and false or misleading descriptions and representations in violation of 15 U.S.C. § 1125(a).

27. Defendant's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

28. Lorillard has no adequate remedy at law.

29. As a result of Defendant's actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT III

### TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

30. Lorillard repeats and realleges paragraphs 1 through 15, 17 through 24, and 26 through 29 as if set forth herein.

31. Defendant's aforesaid acts are likely to dilute the distinctive quality of the famous Lorillard Marks, in violation of 15 U.S.C. § 1125(c).

32. On information and belief, Defendant engaged in the aforesaid acts with

the intent to trade on Lorillard's reputation or to cause dilution of the famous Lorillard Marks.

33. Defendant's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

34. Lorillard has no adequate remedy at law.

35. As a result of Defendant's actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT IV

### STATE TRADEMARK DILUTION
### (765 ILCS § 1036 et seq.)

36. Lorillard repeats and realleges paragraphs 1 through 15, 17 through 24, 26 through 29, and 31 through 35 as if set forth herein.

37. The Lorillard Marks have become, and continue to be, famous in the State of Illinois.

38. Defendant's use of the Lorillard Marks in connection with the sale of Defendants' counterfeit cigarettes began after the Lorillard Marks became famous.

39. Plaintiff can exercise no control, over the quality of the cigarettes in connection with which Defendant uses the Lorillard Marks and hence there a likelihood of injury to Plaintiff's business reputation and of dilution of the distinctive quality or Plaintiff's famous mark in violation of 765 ILCS § 1036/65.

40. Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Lorillard for which Lorillard is without an adequate remedy at law.

## COUNT V

### COMMON LAW UNFAIR COMPETITION

41. Lorillard repeats and realleges paragraphs 1 through 15, 17 through 24, 26 through 29, 31 through 35, and 37 through 40 as if set forth herein.

42. Defendant's use of the Lorillard Marks is being done with the intent to palm off its counterfeit cigarettes as originating from or having the sponsorship, affiliation or approval of Lorillard in order to trade on the goodwill created by Lorillard in the Lorillard Marks .

43. Defendant's unauthorized use constitutes the common law tort of unfair competition.

44. The aforesaid acts of Defendant constitute the sale and passing off of their products as Lorillard's products, infringement, imitation, and misappropriation of Lorillard's trademarks, unjust enrichment, and unfair competition with Lorillard in violation of Lorillard's rights at common law.

45. Defendant's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

46. Lorillard has no adequate remedy at law.

47. Upon information and belief, Defendant's conduct was oppressive, fraudulent, and malicious, entitling Lorillard to an award of punitive damages.

### COUNT VI

### STATUTORY DECEPTIVE TRADE PRACTICE
### (815 ILCS § 510/2 et. seq.)

48. Lorillard repeats and realleges paragraphs 1 through 15, 17 through 24, 25 through 29, 31 through 35, 37 through 40, and 42 through 47 as if set forth herein.

49. Defendant's use of the Lorillard Marks on cigarettes constitutes a deceptive trade practice in violation of 815 ILCS § 510/2 et seq. insofar as it:

(a) passes off the Defendant's products as that of Lorillard;

(b) causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of its goods;

(c) causes a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Lorillard;

(d) represents that Defendant's goods have sponsorship or approval that they do not have.

50. Defendant's acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

51. Upon information and belief, Defendant has willfully engaged in the deceptive trade practices.

52. Defendant's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

53. Lorillard has no adequate remedy at law.

54. Defendant's statutory violations and other wrongful acts have injured and threaten to continue to injure Lorillard, including loss of customers, dilution of goodwill,

confusion of existing and potential customers, injury to its reputation, and diminution in the value of its trademarks.

55. Defendant has realized revenue and profits by virtue of their wrongful acts that they otherwise would not have obtained and to which they are not entitled.

56. Lorillard has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

57. Lorillard has no remedy at law for the wrongful actions of Defendant.

**WHEREFORE** Plaintiff Lorillard prays for judgment against Defendant as follows:

1. That Defendant and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be preliminary and permanently enjoined and restrained from directly or indirectly:

   a. using the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of said marks, in connection with the importation, sale, offer for sale, or distribution of cigarettes that are not genuine Lorillard cigarettes;

   b. using the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' products are connected with Lorillard or are genuine Lorillard products;

   c. passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Lorillard merchandise as genuine Lorillard merchandise;

   d. making any false or misleading statements regarding Lorillard or its

goods, or the relationship between Lorillard and Defendants;

 e. committing any other acts calculated to cause purchasers to believe that Defendants' products are genuine Lorillard products;

 f. shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of in any manner such cigarettes or packaging falsely bearing one or more of the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

 g. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

2. That Defendant and any and all persons controlled by or acting in concert with Defendant be required to deliver to Lorillard for destruction all goods, packages, and any other written or printed materials that bear or depict the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, or anything other than genuine Lorillard cigarettes, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same.

3. That Defendant be required to account to Lorillard for Defendant's profits from the sale of counterfeit and infringing cigarettes and for such sum in addition thereto as the Court shall find just.

4. That this case be found exceptional and Lorillard awarded its attorneys fees pursuant to 15 U.S.C. § 1117(a).

5. That Lorillard recover the damages arising out of Defendant's wrongful acts in a sum equal to three times the actual damages suffered by Lorillard, as provided

in 15 U.S.C. § 1117(b).

6. That Lorillard be awarded statutory damages in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

7. That Defendant be required to disgorge its profits and other ill-gotten gains.

8. That Lorillard have and recover taxable costs of this action, including reasonable attorney's fees and interest.

9. That Lorillard be awarded punitive damages in view of Defendant's wanton and deliberate illegal acts committed with oppression, fraud, or malice.

10. That Defendant be ordered to file with the Court and serve upon Lorillard, within thirty (30) days after the service of the injunction upon Defendant, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and judgment entered pursuant to this Complaint.

11. That Lorillard be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff Lorillard demands a jury trial on all issues triable by a jury.

_____
John S. Pacocha
Kevin D. Finger
Jeffrey Mote
Cameron Nelson
Attorneys for Plaintiff
Lorillard Tobacco Company

GREENBERG TRAURIG, P.C.
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435 (fax)

Dated: July 14, 2003

\\chi-srv01\180466v01









Cap 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

SEP 11 2003

# Civil Cover Sheet 03C 4844

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**JUDGE ASPEN**

| | |
|---|---|
| **Plaintiff(s):** LORILLARD TOBACCO COMPANY | **Defendant(s):** MONTROSE WHOLESALE CANDIES AND SUNDRIES, INC. |
| County of Residence: Guilford County, North Carolina | County of Residence: Cook County, Illinois |
| Plaintiff's Atty: John S. Pacocha<br>Greenberg Traurig, P.C.<br>77 W. Wacker Dr., Ste 2500,<br>Chicago, IL 60601<br>(312) 456-8400 | Defendant's Atty: |

**MAGISTRATE JUDGE KEYS**

FILED-EDS 03 JUL 14 PM 1:42 CLERK U.S. DISTRICT COURT

II. Basis of Jurisdiction:        3. Federal Question (U.S. not a party)

III. Citizenship of Principal
Parties (Diversity Cases Only)
        Plaintiff:- N/A
        Defendant:- N/A

IV. Origin :        1. Original Proceeding

V. Nature of Suit:        840 Trademark

VI. Cause of Action:        15 U.S.C. 1114, et seq. Trademark Counterfeiting

VII. Requested in Complaint
        Class Action:
        Dollar Demand:
        Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: July 14, 2003

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**        Revised: 06/28/00

http://www.ilnd.uscourts.gov/public/forms/auto_js44.cfm        7/14/2003

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

I the Matter of

LORILLARD TOBACCO COMPANY,
        Plaintiff,

v.

MONTROSE WHOLESALE CANDIES AND SUNDRIES, INC.
a/k/a MONTROSE WHOLESALE
        Defendant.

Case Number: 03C 4844

Judge: JUDGE ASPEN

MAGISTRATE JUDGE KEYS

SEP 2003

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME John S. Pacocha | NAME Kevin D. Finger |
| FIRM Greenberg Traurig, P.C. | FIRM Greenberg Traurig, P.C. |
| STREET ADDRESS 77 W. Wacker Drive, Suite 2500 | STREET ADDRESS 77 W. Wacker Drive, Suite 2500 |
| CITY/STATE/ZIP Chicago, IL 60601 | CITY/STATE/ZIP Chicago, IL 60601 |
| TELEPHONE NUMBER 312-456-8400 / FAX NUMBER 312-456-8435 | TELEPHONE NUMBER 312-456-8400 / FAX NUMBER 312-456-8435 |
| E-MAIL ADDRESS pacochaj@gtlaw.com | E-MAIL ADDRESS fingerk@gtlaw.com |
| IDENTIFICATION NUMBER 2132826 | IDENTIFICATION NUMBER 6216060 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Jeffrey G. Mote | NAME Cameron M. Nelson |
| FIRM Greenberg Traurig, P.C. | FIRM Greenberg Traurig, P.C. |
| STREET ADDRESS 77 W. Wacker Drive, Suite 2500 | STREET ADDRESS 77 W. Wacker Drive, Suite 2500 |
| CITY/STATE/ZIP Chicago, IL 60601 | CITY/STATE/ZIP Chicago, IL 60601 |
| TELEPHONE NUMBER 312-456-8400 / FAX NUMBER 312-456-8435 | TELEPHONE NUMBER 312-456-8400 / FAX NUMBER 312-456-8435 |
| E-MAIL ADDRESS motej@gtlaw.com | E-MAIL ADDRESS nelsonc@gtlaw.com |
| IDENTIFICATION NUMBER 6243534 | IDENTIFICATION NUMBER 6275585 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

1-3