UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Lorillard Tobacco Company, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 03 C 5311 |
| Montrose Wholesale Candies and Sundries, Inc., et al., | ) | Consolidated with |
| | ) | No. 03 C 4844 |
| Defendant. | ) | |

**MEMORANDUM ORDER AND OPINION**

MARVIN E. ASPEN, District Judge:

Plaintiff Lorillard Tobacco Company filed a motion for default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2) alleging that defendants Montrose Wholesale Candies and Sundries, Inc., et al. persistently abused the discovery process, violated court orders, and committed perjury.[1] We referred the motion to Magistrate Judge Cole, who submitted his Report and Recommendation ("Report") on May 30, 2006. The Report details various instances of the defendants' misconduct and recommends that we grant the motion and award plaintiff its "reasonable expenses and attorneys' fees incurred in the preparation of its motion." *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, et al.*, Nos. 03 C 5311 and 03 C 4844,

---

[1] Magistrate Judge Cole provided an in-depth description of the history and background of this case in *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, et al.,* Nos. 03 C 5311 and 03 C 4844, 2005 WL 311582, at *1-13 (N.D. Ill. Nov. 8, 2005), *adopted by* Docket No. 229 (N.D. Ill. Jan. 30, 2006). Rather than repeat a lengthy statement of facts, we focus only on the portions of the record that are relevant for the instant motion.

slip op. at 1 (N.D. Ill. May 30, 2006). Presently before us are defendants' timely filed written objections to the Report.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) sets forth the procedure for objecting to a magistrate judge's report and recommendation on dispositive matters: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). To comply with the rule in the Seventh Circuit, a party must "specify each issue for which review is sought[, but need] not [include] the factual or legal basis of the objection." *Johnson v. Zema Syst. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Generally, a district court reviews a magistrate's report and recommendation ("Report") for clear error. Fed. R. Civ. P. 72(a); *see Hartford Accident & Indemnity v. Sullivan*, No. 76 C 3319, 1987 WL 9977, at * 2 (N.D. Ill. Apr. 20, 1987). However, the district court undertakes a *de novo* review of those portions of the Report to which a party specifically objected. *Johnson*, 170 F.3d at 741; Fed. R. Civ. P. 72(b).

## DISCUSSION

Despite Defendants' failure to respond to the motion for default judgment, they filed a timely objection to the Magistrate's Report and Recommendation ("Report").[2] Defendants generally refer to misstatements of fact in the Report, specifying Defendants' purported lack of cooperation with discovery. For example, Defendants disagree with the "claim [that] the Defendants have not

---

[2] The objection consists primarily of attacks on Magistrate Judge Cole rather than challenges to specific issues discussed in the Report. (Obj. to Report at ¶¶ 2-7, 11, 14, 18.) Contrary to defendants' assertions, nothing indicates that Magistrate Judge Cole acted with malice or prejudice towards defendants. Rather, the Magistrate Judge demonstrated patience and forbearance throughout the course of litigation, despite defendants' repeated failure to comply with various court orders. Based on our independent review, Magistrate Judge Cole acted appropriately under the circumstances.

participated in discovery[,]" because the Hazemis' participated in numerous depositions. (Obj. to Report at ¶ 10.) In addition, Defendants contest the "attacks constantly made upon the Defendants in the Report ... about failure to produce business records, etc. ... [because] RAY HAZEMI, for right or wrong, keeps records in his head."[3] (*Id.* at ¶ 11.) Plaintiff argues that Defendants' objection fails to rise to the level of specificity required by Rule 72(b) so as to invoke a *de novo* review. (Resp. to Obj. to Report at 3-4.) While the objection is devoid of any citations to the record, it sufficiently identifies the disputed issues. *See Johnson,* 170 F.3d at 741 (holding that the objection must "specify each issue for which review is sought[, but need] not [include] the factual or legal basis of the objection."). Therefore, we will examine the record to determine whether the defendants failed to cooperate and/or abused the discovery process.

As discussed in our July 7 Order, wherein we held Defendants in contempt for violating the terms of the asset freeze and a related rule to show cause, Defendants have engaged in dishonest and obstructionist tactics, and repeatedly disobeyed court orders. *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc., et al,* Nos. 03 C 4844 and 03 C 5311, 2006 WL 1886222 (N.D. Ill. July 7, 2006). For example, in response to requests for information on Defendants' bank accounts, Defendants actively concealed the existence of numerous accounts by lying under oath. *Id.* at *3-4 ("[Defendants' r]esponse to [the] show cause order reveal[s] the existence of two new bank accounts at LaSalle Bank and Mutual Bank and Plaza Bank despite service of discovery

---

[3] Defendants also dedicate a large portion of their objection to the absence of evidence of guilt on the ultimate issues or any violation of the injunction, which was entered on May 3, 2005. (Obj. to Report at 7-9, 13 ("One would think the merits of the case would concern this Court, but no indication of that appears in the Report and Recommendation.")) However, assessment of the merits of the case are irrelevant to a determination of whether to enter default judgment as a sanction for gross misconduct. *See Davis v. Hutchins,* 321 F.3d 641, 645 (7th Cir. 2003) ("[I]n most cases where default is entered there is by definition no hearing on the merits."); *see also U.S. v. Di Mucci,* 879 F.2d 1488, 1493-95 (7th Cir. 1989).

requesting this information more than two years ago and despite the apparent repeated perjury by the Hazemis that no such accounts existed.") (internal quotation marks and citation omitted)); *Lorillard,* slip op. at 3-6 (May 30, 2006). Once certain accounts were revealed, Defendants refused to produce documents in accordance with discovery requests. *Lorillard*, slip op. at 4. Also, Defendants undermined their objections by admitting that they (belatedly) produced thousands of records despite Mr. Hazemi's practice of "keep[ing] all business records in his head." (Obj. to Report at 12.) Moreover, the fact that the Hazemis participated in numerous depositions does not mitigate their dilatory tactics or their dishonest and inconsistent statements under oath. *Lorillard*, slip op. at 6-13 (May 30, 2006). "[A] trial court is entitled to say, under proper circumstances, that enough is enough." *Di Mucci*, 879 F.2d at 1491 (quoting *In re Pyramid Energy, Ltd. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989)). The Hazemis' repeated contumacious conduct justifies the imposition of a default judgment. *See, e.g., Lorillard*, slip op. at 3-18 (May 30, 2006) (detailing the Hazemis' failure to produce business and banking records, false and misleading testimony, and willful violations of court orders).

Defendants' claim that the entry of default judgment is overly harsh is unpersuasive. The record shows that Defendants likely committed perjury, concealed material information and documents, and disobeyed court orders. Defendants' willful and persistent misconduct warrants the most severe sanction. *See Dotson v. Bravo,* 321 F.3d 663, 667-68 (7th Cir. 2003); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (affirming the entry of default judgment against defendants where defendants engaged in a pattern of willful disregard for court orders and demonstrated unwillingness to cooperate with discovery). "[A]s soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision." *Newman*

*v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992). Issuing a default judgment in this instance serves the dual purposes of punishing Defendants' repeated willful gross misconduct and deterring future abuses so as to maintain the integrity of the court. *See Nat'l Hockey League et al. v. Metro. Hockey Club, Inc., et al.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2780 (1976) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *Dotson*, 321 F.3d at 667-68. After an independent review of the record, we find that sanctioning Defendants by entering a default judgment is appropriate and proportional to the flagrant violations of court orders and discovery procedures. *See Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382-83 (7th Cir. 1993). In addition, pursuant to Rule 37(b)(2), we agree with the Magistrate Judge that plaintiff should be awarded its reasonable expenses and attorney fees in bringing this motion. *See Johnson v. Kakvand,* 192 F.3d 656, 661 (7th Cir. 1999).

## CONCLUSION

For the reasons described above, we grant plaintiff's motion for the entry of default judgment. We also award plaintiff its reasonable expenses and attorney fees for this motion. Plaintiff should file before Magistrate Judge Cole an accounting of its costs, supported by relevant documentation, by September 5, 2006. Defendants can file any objections by September 15, 2006.

It is so ordered.

Marvin E. Aspen
United States District Judge

Date: August 21, 2006