UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORILLARD TOBACCO COMPANY, ) | | |
| a Delaware Corporation, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 03 C 5311 | |
| ) | | |
| MONTROSE WHOLESALE CANDIES AND ) | Consolidated with | |
| SUNDRIES, INC., et al., ) | | |
| ) | No. 03 C 4844 | |
| Defendant. ) | | |
| ) | | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

On November 18, 2007, we issued a judgment awarding Lorillard Tobacco Company ("Plaintiff") $2.5 million in statutory damages under the Lanham Act.[1] Subsequently, Montrose Wholesale Candies and Sundries, Inc., Ray Hazemi, and Sandra Hazemi (collectively referred to as the "Defendants") filed a Rule 59(e) motion to alter or amend that judgment. We referred Defendants' motion to Magistrate Judge Cole, and he issued a Report and Recommendation on February 25, 2008 ("Report") recommending that we deny Defendants' motion. Presently before us is Defendants'[2] objections to Magistrate Judge Cole's Report. For the reasons set forth

---

[1] Magistrate Judge Cole provided an in-depth description of the history and background of this case in *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, et al.,* Nos. 03 C 5311 and 03 C 4844, 2005 WL 311582, at *1-13 (N.D. Ill. Nov. 8, 2005), *adopted by* Docket No. 229 (N.D. Ill. Jan. 30, 2006). Therefore, we will assume familiarity with the facts and only restate them as necessary to examine the issues below.

[2] While we acknowledge that Sandra Hazemi filed a separate response on March 3, 2008 (and a virtually identical reply on March 24, 2008), for the purpose of this opinion we will

1

below, we overrule Defendants' objections and adopt the Report.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) sets forth the procedure for objecting to a magistrate judge's report and recommendation on dispositive matters: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). To comply with the rule in the Seventh Circuit, a party must "specify each issue for which review is sought[, but need] not [include] the factual or legal basis of the objection." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Generally, a district court reviews a magistrate's report and recommendation for clear error. Fed. R. Civ. P. 72(a); *see Hartford Accident & Indemnity v. Sullivan*, No. 76 C 3319, 1987 WL 9977, at *2 (N.D. Ill. Apr. 20, 1987). However, the district court undertakes a *de novo* review of those portions of the Report to which a party specifically objected. *Johnson*, 170 F.3d at 741; Fed. R. Civ. P. 72(b).

## ANALYSIS

On February 25, 2008, Magistrate Judge Cole issued a Report recommending that we deny Defendants' Rule 59(e) motion. As the Report correctly indicated, "'[a] court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.'" *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (quoting *Matter of Prince*, 85 F.3d 314, 324 (7th Cir.

---

assume that Mrs. Hazemi would join in Montrose's and Ray Hazemi's arguments. As relevant, we will indicate where Mrs. Hazemi has asserted objections that differ from those of the other Defendants.

1996)).  However, a party may not use a Rule 59(e) motion "to advance arguments or theories that could and should have been made before the district court rendered a judgment.'" *Id.* (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995)).

Contrary to Defendants' arguments, Magistrate Judge Cole's Report found that: (1) we need not conduct an evidentiary hearing to determine statutory damages in this case; (2) the Lanham Act authorizes $2.5 million in statutory damages in this case; and (3) Mrs. Hazemi's arguments were insufficient to show that the court erred in holding her jointly and severally liable.

Defendants now object to the Report and argue that we should grant their Rule 59(e) motion because: (1) the court failed to make specific findings and conduct an evidentiary hearing regarding the amount of statutory damages; (2) the maximum statutory damages recoverable under the Lanham Act is $1 million based on the facts of this case; and (3) Plaintiff's Second Amended Complaint did not request statutory damages under the Lanham Act.  We address each of these objections in turn below.

**A.  Objections to the Statutory Damages Calculation**

Defendants argue that Magistrate Judge Cole erred in denying its Rule 59(e) motion because Plaintiff never produced evidence sufficient to justify the statutory damage award in this case.  Specifically, Defendants now argue for the first time that we were required to weigh the seven factors listed in the Copyright Act in order to award statutory damages in this case.[3] (*See*

---

[3] These Copyright Act factors include:
"(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the

3

Def. Objection at 2-4).

While courts have held that the seven factors under the Copyright Act offer some guidance in Lanham Act cases, *see, e.g., Gucci v. Am. Inc. v . Duty Free Apparel, Ltd.,* 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004), courts are "not required to follow any rigid formula" when applying these factors. *See Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). In addition, Magistrate Judge Cole acknowledged these factors in his September 10, 2007 Report and found that they weighed against Defendants not only because they are deemed to have acted willfully by virtue of the default judgment, but also because their repeated discovery abuses prevented actual damages from being proven. (*See* 9/10/07 Report at 5, 6, 9 (Case No. 03-5311, Docket No. 197)). Thus, we find that Defendants' objection lacks merit.

To the extent that Defendants repeat their request for an evidentiary hearing and/or trial in this case to determine willfulness, we again find that this argument is without merit.[4] As we have previously indicated, because we entered a default judgment in this case, all allegations of the Plaintiff's complaint are taken as true. *See Cass County Music Co. v. Muedini*, 55 F.3d 263, 266 (7th Cir. 1955).[5] By virtue of this rule, Defendants are deemed to have acted willfully. (*See*

---

infringing material produced; (7) the potential for discouraging the defendant."
*Gucci v. Am. Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (internal citations omitted).

[4] Mrs. Hazemi's objections focus on this argument and emphasize, as she has in the past, that no evidence has been proven against her and that thus she should be afforded a trial to determine the extent of her involvement in the business.

[5] Defendants also argue that *Top Brand* and *Gucci* support this argument because they require solid evidence of willfulness not present here. (Def. Objection ¶ 6). These cases are distinguishable, however, because neither involved a default judgment. *See Nike, Inc. v. Top Brand*, No. 00 Civ. 8179, 2006 WL 2946472, at *1 (S.D.N.Y. Feb. 27, 2006) (explaining that the decision is limited to the defendants whose liability was determined on summary judgment); *Gucci Am.,*, 315 F. Supp. at 513 (noting that a two-day bench trial was conducted to determine

Second Am. Compl. ¶ 20 (alleging that Defendants acted "with the intent to confuse and mislead the public")).[6]

In addition to the above factors, Defendants also argue that we were required to conduct an evidentiary hearing on statutory damages. Defendants rely upon *Dundee Cement Co. v. Howard Piper Concrete Products, Inc.*, for the proposition that even after a default judgment, a hearing on damages is required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." 722 F.2d 1319, 1323 (7th Cir. 1983).[7] Magistrate Judge Cole distinguished *Dundee Cement*, however, because it did not involve statutory damages. (*See* Report at 2; *see also* 9/10/07 Report at 6 (explaining that no evidentiary hearing is necessary because "cases like this, where the information needed to prove actual damages is in the infringer's control, are the very reason for the provision allowing statutory damages awards; no prove-up is necessary")).

---

willfulness).

[6] In addition, we agree with Magistrate Judge Cole that Mrs. Hazemi has failed to provide any legal reason why our judgment should be vacated against her. In her objections, Mrs. Hazemi insinuates that Magistrate Judge Cole is somehow biased against her. Mrs. Hazemi also argues that she is being found guilty by association merely as the wife of Ray Hazemi and that she was never given the opportunity to speak at depositions. (*See* Sandra Hazemi's Objections at 1, 3). However, Plaintiff's Second Amended Complaint includes allegations regarding Mrs. Hazemi's involvement, which are taken as true upon default judgment. (*See* Second Am. Compl. ¶ 4); *see also Cass County Music Co.,* 55 F.3d at 266. In addition, while Mrs. Hazemi may not have had the opportunity to say what she wished during depositions, we find that she had ample time before we entered judgment to put forth any arguments because this case has been pending for five years and she has attended numerous court appearances. (Report at 6). Thus, we do not find that we committed "a manifest error of law or fact" by finding her jointly and severally liable in our November 18, 2007 judgment.

[7] We note that Defendants only mentioned this argument in one sentence at the end of their brief. (*See* Def. Objections ¶ 13). However, because Defendants' original Rule 59(e) motion had a more lengthy discussion of this case, we will address its arguments here. (*See* Def. Rule 59(e) Motion 4-5).

5

We agree with Magistrate Judge Cole that the statutory damage award here may be determined without an evidentiary hearing. First, requiring an evidentiary hearing for statutory damages here would defeat the purpose of 15 U.S.C. § 1117(c)(2), which recognized that damages in trademark cases may be difficult to prove due to defendant conduct. *See* S. Rep. No. 104-177, at *10 ("The committee recognizes that under current law, a civil litigant may not be able to prove actual damages if a sophisticated, large-scale counterfeiter has hidden or destroyed information about his counterfeiting."). This purpose is particularly relevant here given Defendants' repeated discovery abuses. (*See* 11/8/05 Report (Case No. 03-4844, Docket No. 197)). In addition, other courts have awarded statutory damages after default judgment without conducting evidentiary hearings.[8]

Given these considerations and our discretion in determining statutory damages awards, we agree with Magistrate Judge Cole that our award of $2.5 million in statutory damages without an evidentiary hearing was not an error of law.[9]

---

[8] *See, e.g., Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002) (finding that no evidentiary hearing on statutory damages was required after default judgment since was within district judge's discretion to award within an amount within the statutory range); *Microsoft Corp. v. Nop*, No. CIV S-07-1276, 2008 WL 686584, at *4 (E.D. Cal. Mar. 11, 2008) (determining amount of statutory damages without an evidentiary hearing and noting that "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed" (internal citations omitted)); *Warner Bros. Records Inc. v. Hentz*, No. 06-cv-686-JPG, 2007 WL 2481289, at *4 (S.D. Ill. Aug. 29, 2007).

[9] Defendants also attempt to distinguish the statutory damage awards in the cases cited in Magistrate Judge Cole's Report. For example, Defendants argue that: *Top Brand* is distinguishable because the defendant's infringing operations in that case led to the production of millions of infringing goods; *Gucci* is distinguishable because the defendants continued to sell counterfeit goods after the lawsuit was filed; and *Variety Wholesalers, Inc.* is distinguishable because the court awarded less than $2 million in damages even though defendants was a company with over 450 stores and $600 million in gross annual sales. (Def. Objections at 3-4).

**C. "Type of Goods" Objection**

Defendants also argue that the judgment should be amended because the maximum statutory damages award recoverable in this case is $1 million because only one type of goods (cigarettes) are at issue. (Def. Objection at 4). The Lanham Act states that "if the court finds that the use of the counterfeit mark was willful," then the court may award "not more than $1,000,000 *per counterfeit mark per type of goods* or services sold, offered for sale, or distributed." 15 U.S.C. § 1117(c)(2) (emphasis added).

Magistrate Judge Cole rejected this argument because not only had Defendants failed to cite any case law in support of its proffered statutory interpretation, but also because other cases indicate that a plaintiff may recover $1 million in statutory damages for each trademark violated even if only one product is involved. (Report at 3); *see also Top Brand Co.*, No. 00 Civ. 8179, 2006 WL 2946472, at *3 (awarding $12 million in statutory damages for three counterfeit goods each bearing four trademarks and $5 million for one counterfeit good bearing five trademarks); *Gucci Am., Inc.*, 315 F. Supp. 2d at 521 n.8; *Variety Wholesalers, Inc.*, 274 F. Supp. 2d at 1374.

---

However, we find these distinctions irrelevant because these courts also focused upon the defendants' willfulness and abusive conduct during the litigation, as has been repeatedly emphasized in this case. *See Top Brand*, No. 00 Civ. 8179, 2006 WL 2946472, at *2 (examining the extent of the defendants' operation as only one factors in determining the statutory damage amount and also stressing that "the willfulness of their conduct, and their behavior in this litigation all weigh towards a grant of the maximum in statutory damages"); *Gucci Am., Inc.*, 315 F. Supp. 2d at 521 (determining that defendant acted willfully not only because defendant continued to sell counterfeit goods after the suit was filed, but also due to defendant's "bold contempt for the law" exhibited both during the two-year period it sold the counterfeit goods and during the course of the litigation).

In addition, Defendants' reliance upon *Nike Inc. v. Variety Wholesalers, Inc.* as evidence that the award here was excessive is misplaced because the award in that case was based upon actual damages determined after a trial, and did not involve a willful defendant. *See* 274 F. Supp. 2d 1352, 1374 (S.D. Ga. 2003).

7

Thus, because Plaintiff alleged that five of its trademarks were violated, Magistrate Judge Cole found that we have discretion to award up to $5 million in statutory damages. (Report at 6; *see also* Second Amended Compl. ¶ 16).

Defendants now claim that Magistrate Judge Cole's interpretation of the statute defies commonsense and that none of the above cases are controlling in this district. Regardless, Defendants still have not cited one case that supports their interpretation, and we agree with Magistrate Judge Cole's interpretation of the statutory language.

## C. Dispute regarding Second Amended Complaint

Defendants finally argue that Plaintiff's Second Amended Complaint never requested statutory damages under the Lanham Act specifically, and thus that Magistrate Judge Cole Report incorrectly awarded them. Defendants' argument appears to be essentially that because Plaintiff's statutory damage request is at the end of its complaint, this means that Plaintiff is only claiming statutory damages under the last count of its complaint, Inducement to Commit Fraud. (Def. Objection at 5). We disagree. Reviewing Plaintiff's Second Amended Complaint, Plaintiff specifically asked for "statutory damages in lieu of actual damages, as provided in 15 U.S.C. § 1117(c)." (Second Amended Compl. ¶ F). While this request was at the end of the complaint and not specifically under Counts I, II, and III, this is of no consequence since Plaintiff is clearly is requesting relief for all of its counts at the end of its complaint and Plaintiff clearly cites to the Lanham Act in Paragraph F. Thus, we agree with Magistrate Judge Cole that this argument is without merit.

**CONCLUSION**

For the reasons set forth below, we overrule Defendants' objections and adopt Magistrate Judge Cole's Report. Accordingly, Defendant's Rule 59(e) motion is denied. It is so ordered.

                                                MARVIN E. ASPEN
                                                United States District Judge

Date: April 17, 2008