IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MONTROSE WHOLESALE CANDIES AND SUNDRIES, INC., et al.,<br><br>Defendants. | No. 03 C 5311<br><br>Consolidated with<br><br>No. 03 C 4844<br><br>Judge Marvin E. Aspen<br><br>Magistrate Judge Jeffrey Cole |

## AMENDED ORDER

Judge Aspen has referred the motion of third parties S & D Pantry, Inc. ("S&D") and Harwood Heights Gas Mart, Inc. ("Gas Mart") to quash and dismiss a citation served on their bank, First Chicago Bank and Trust, by plaintiff, Lorillard Tobacco Company ("Lorillard"). In that citation, Lorillard targets assets of the judgment debtors, Montrose Wholesale Candies & Sundries ("Montrose"), Ray Hazemi, and Sandra Hazemi (collectively, the "Montrose Defendants"). But it also targets the assets of both S&D and Gas Mart – neither of whom are judgment debtors, although the citation groups them as such. For the following reasons, the motion to quash and dismiss the citation is granted.

Judge Aspen entered a final judgment against the Montrose Defendants on November 18, 2007. Lorillard subsequently served a number of citations to discover assets on the defendants and third parties, including First Chicago Bank and Trust, and S&D and Gas Mart. S&D and Gas Mart (collectively, "Movant Businesses") move to quash the citation served on First Chicago Bank and

Trust because it is directed at the bank to discover whether it holds assets of the Movant Businesses. Lorillard claims it is entitled to proceed in this manner because it believes the Movant Businesses hold assets (presumably commingled cash) of the Montrose Defendants.

Rule 69(a)(2) of the Federal Rules of Civil Procedure governs discovery in the aid of execution of judgments, and allows that "the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." In Illinois, the pertinent rule is Ill.Sup.Ct. R. 277(a), which allows a party to commence a supplementary proceeding "with respect to a judgment which is subject to enforcement ... against the judgment debtor *or any third party* the judgment creditor believes has property of or is indebted to *the judgment debtor.*" (Emphasis supplied). *See Carver v. Condie*, 169 F.3d 469, 471 (7th Cir. 1999). Likewise, 735 ILCS 5/2-1402 provides, in pertinent part:

> A judgment creditor... is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor *or any other person* to discover assets or income *of the debtor* not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment.

735 ILCS 5/2-1402(a)(Emphasis supplied).

The Movant Businesses concede Lorillard can move against them to discover assets of the Montrose Defendants, because the Montrose Defendants are the judgment debtors. What they find untenable is Lorillard moving against a third party – First Chicago Bank and Trust – to discover *their* assets because *they* are *not* judgment debtors. The argument is faithful to the text of the statute. The citation Lorillard served on the First Chicago Bank and Trust targeted any property belonging not

2

only to the judgment debtors, but to S&D and Gas Mart as well. (*Respondents' Reply in Support of Motion to Quash*, Ex. 3). The former inquiry is proper; the latter is not.

Lorillard says that both inquiries are appropriate because it can discover assets of not only the judgment debtors that might be in the hands of third parties, but assets of those third parties that might be in the hands of fourth parties, so long as it believes those assets are traceable to the judgment debtor. Here, it is Lorillard's theory that S&D Pantry, Inc. and Harwood Heights Gas Mart are holding assets of the defendants and that those assets have been commingled in S&D's and Harwood Heights' respective bank accounts. The argument seems to take Ill.Sup.Ct. R. 277(a) a step too far, but Lorillard contends it is supported by *Regan v. Garfield Ridge Trust & Sav. Bank*, 247 Ill.App.3d 621, 617 N.E.2d 818 (1993). There, however, the citation filed on the third party sought to discover assets of the judgment debtor, not to discover the assets of the cited party. *Regan*, 247 Ill.App.3d at 819, 617 N.E.2d at 819.[1] Lorillard's citation to the bank is directed specifically at "any property that belongs or may belong to" S&D and Gas Mart.

But there is another case that is more apt, but that does not appear in Lorillard's response to the motion, even though it is a case involving Lorillard, in this court, involving the identical issues and the same counsel currently representing Lorillard. In *Lorillard Tobacco Co. v. CANSTAR (USA), Inc.*, 2005 WL 1935998 (N.D.Ill. 2005), Lorillard sought to collect on a $1.75 million judgment against one of the defendants and its owner, Mustafa Kechtban. Lorillard learned that Kechtban

---

[1] In *Regan*, the plaintiffs obtained a judgment against one Carl Ivanelli. It filed a citation to discover assets of his adult children "for the purpose of discovering whether they had in their possession or control assets belonging to Carl Ivanelli, Sr." 247 Ill.App.3d at 621, 617 N.E.2d at 819. The plaintiff in *Regan* was not seeking discovery from third parties regarding the children's assets. The belief was justified in light of the past financial interactions between the judgment debtor and his children. That reasonable belief justified, in the context of an initial proceeding to discovery assets, "'a fishing expedition'" to discover assets of the judgment debtor. 247 Ill.App.3d at 624, 617 N.E.2d at 820.

3

receives hundreds of thousands of dollars from what purport to be third party loans from Ibrahim Shihadeh. Based on information obtained during a deposition, Lorillard had a legitimate belief that the money being loaned to Kechtban was in fact his own money. 2005 WL 1935998 at *2. To that end, Lorillard issued citations to Shore Bank and LaSalle Bank that requested that the banks produce documents "relating to the finances and property not of [the] judgment debtors, but of Ibrahim and Amani Shihadeh." *Id.* What Judge Moran said in quashing the citations applies equally here:

> Lorillard's discovery has revealed that Kechtban maintains an expensive lifestyle, yet does not have an apparent source of income. Kechtban's co-defendant stated in a deposition that Kechtban was receiving money from his brother via transfers to third-parties. Lorillard has the right to investigate whether the money being loaned to Kechtban by Shihadeh is in fact Kechtban's own property. However, Lorillard cannot seek to discover this by issuing overly-broad citations to banks where the Shihadehs hold accounts. We grant the Shihadehs' motion to quash the citations to Shore Bank and LaSalle Bank, and we quash the citation to JP Morgan Chase Bank as well.

*Id.*

But let us assume that Lorillard's analysis of the reach of Supreme Court Rule 277(a) and 735 ILCS 5/2-1402 is accurate, and that if a judgment creditor has a reasonable, articuable belief that a third party has funds of the judgment debtor, the judgment creditor may serve a citation on the third party's bank to inquire about the *third party's* assets at the bank. The issue then is whether Lorillard has made a sufficient showing of such a belief.

The Seventh Circuit has said that "Judges are not like pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991). This is not an obscure quotation but rather was designed to reflect the court's insistence that judges are not to do the work that ought to b done by counsel. *See Gates v. Caterpillar, Inc.*, 513 F.3d 680, 688 n.4 (7th Cir. 2008); *Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004); *Roger Whitmore's Auto. Services,*

4

*Inc. v. Lake County, Illinois*, 424 F.3d 659, 664 (7th Cir. 2005); *Albrechtsen v. Board of Regents of University of Wisconsin System*, 309 F.3d 433, 436 (7th Cir. 2002); *Lorillard Tobacco Co. v. Montrose Wholesale Candies and Sundries, Inc.*, 2007 WL 2580491, *4 (N.D.Ill. Sept. 10,2007). *See also DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999)("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

These expressions of caution are pertinent here. Lorillard's responsive brief fails to provide useful citations to the evidence it claims supports its "belief" that the business movants are holding in their bank accounts money belonging to the judgment debtors. For example, the brief insinuates that Giti Azari obtained the funds to purchase the Movant Businesses from the Montrose Defendants. It cites her deposition, not by page, but by exhibit number – Exhibits 12 through 14 – a citation covering 88 pages of testimony. (*Plaintiff's Response to Motion to Quash*, at 2-3). To support its claim that there is substantial evidence that the Hazemis control the property and businesses at 6630 W. Montrose, Lorillard's brief cites the Docket Entry numbers associated with the following filings, without any references to a specific page in any one of them: 1) Lorillard's Combined Motion and Memorandum to Compel Discovery and Freeze Assets (16 pages); 2) the Notice for that Motion (1 page); 3) Declaration of Attorney Jeffrey Mote (17 pages); 4) Two Volumes of Exhibits filed on May 13, 2005 (over 200 pages); 5) another Declaration of Mr. Mote (23 pages); 6) the Consolidated Declaration of Attorney Jeffrey Mote (27 pages); 7) Lorillard's Emergency Motion to Freeze Assets and Supporting Exhibits (35 pages); and 8) Lorillard's Submission of Supplemental Evidence (96 pages).

In short, Lorillard's responsive brief seeks to support its evidentiary conclusions by citing to several hundred pages of materials in digital form on the docket. A brief review of the first two

documents – Combined Motion and Memorandum to Compel Discovery and Freeze Assets and Notice for that Motion – reveals no mention of either of the Movant Businesses. "Given our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *United States v. Amerson*, 185 F.3d 676, 689 (7th Cir.1999). *See also United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991). *United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 743 (7th Cir. 2007); *United States v. Lanzotti*, 199 F.3d 954, 960 (7th Cir. 1999).

While there are bits of relevant and properly cited evidence in Lorillard's brief, in the main, as in *Albrechtsen*, Lorillard's brief effectively and impermissibly requires the court to read "the entire record." 309 F.3d at 436. The Court of Appeals refused to do so in *Albrechtsen*, and I decline to do so here.

For the foregoing reasons, the motion to quash and dismiss citation of S&D Pantry and Harwood Heights Gas Mart [#417] is GRANTED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/30/08